**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **PEDRO VICENTE GARCIA** | **CIVIL ACTION NO. 1:26-CV-00270** |
| **VERSUS** | **JUDGE DAVID C. JOPSEH** |
| **BRIAN ACUNA, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM ORDER**

Before the court is an APPLICATION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE [Doc. 3] filed Pedro Vicente Garcia ("Petitioner"), through counsel. Petitioner is an immigration detainee at the Winn Correctional Center and seeking release from detention. According to the petition, Petitioner is a national and citizen of Mexico who entered the United States through the southern border on or about April 22, 2006.  Petitioner has an upcoming immigration hearing on his application for Cancellation of Removal for Non-Permanent Residents. He was arrested following a traffic stop on December 31, 2025, at which time he was transferred to ICE custody, where he remains to this day. Petitioner challenges the lawfulness of his continued immigration detention.  He asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under Section 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also Taylor v. Gusman*, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of Section 2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a Section 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Accordingly, **IT IS ORDERED** that Petitioner's APPLICATION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE [Doc. 3] is GRANTED IN PART and DENIED IN PART.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition [Doc. 1] within 21 days of the date of this Order. Petitioner shall have seven days to reply.  After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to Section 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952  F. Supp. 348 (S.D. W. Va. 1997).

The Clerk of Court is **INSTRUCTED** that Shannon Smitherman with the U.S. Attorney's Office is to be provided a copy of this Order via email and granted access to the Petition for Writ of Habeas Corpus [Doc. 1] and the docket in this matter.

**THUS DONE AND SIGNED** in chambers this 13th day of February, 2026.

David J. Ayo
United States Magistrate Judge